20

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | | |
|---|---|---|
| ERIC C. HALL, | ) | No. CV 12-01087-DDP (VBK) |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS FOR LACK |
| v. | ) | OF SUBJECT MATTER JURISDICTION |
| | ) | |
| CONNIE GIBSON, | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

On February 8, 2012, Eric C. Hall (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" ("Petition"). Petitioner was convicted on April 21, 2000 in Los Angeles County Superior Court Case No. VA057823 of possessing a forged driver's license in violation of California Penal Code ("PC") § 470, second degree burglary in violation of PC § 459 and attempting to make a false financial statement in violation of PC §§ 664/532a(a). Petitioner was sentenced pursuant to the Three Strikes Law to state prison for 25 years to life. (See Petition at 2.)

It appears from the face of the Petition that it is directed to the same 2000 Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on September 14,

2007, in Case No. CV 07-06922-DDP (VBK).[1]   On February 13, 2009, Judgment was entered in Case No. CV 07-06922-DDP (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

"(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless--

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

---

[1]   In this Petition, Petitioner raised the following claims: (1) The court failed to review the records of conviction, i.e., preliminary trial transcripts to determine the conduct of the Petitioner's crime to assert whether sufficient criminal conduct amounted to a serious felony offense for the three strikes sentence; (2) Petitioner was denied his Fourteenth Amendment right to due process of law when he was forced during the state court trial to defend against a charge of possessing any false driver's license or identification to be used to take the property of another at a later time, which was not contained in the amended felony information filed against him on Count One; (3) Petitioner was denied his Fourteenth Amendment rights when he was forced during the state court trial to defend against the charge of making a false statement of financial condition for the purpose of procuring personal property, cash, or credit which was not contained in the amended felony information filed against him on Count Three; and (4) the inadmissible oral testimony of a destroyed bank checking account application was used to convict Petitioner of attempted false financial statement of PC §664-532a without evidence of his guilt was a denial of Petitioner's due process of law rights in violation of the Fourteenth Amendment to the United States Constitution. (See Petition at 5-6; attached pages 4-8.)

1    unavailable; or

2         (B)(i)  the factual predicate for the claim could not

3    have been discovered previously through the exercise of due

4    diligence; and

5         (ii)  the facts underlying the claim, if proven and

6    viewed in light of the evidence as a whole, would be

7    sufficient to establish by clear and convincing evidence

8    that, but for constitutional error, no reasonable factfinder

9    would have found the applicant guilty of the underlying

10   offense.

11        (3)(A) <u>Before a second or successive application permitted</u>

12   <u>by this section is filed in the district court, the applicant</u>

13   <u>shall move in the appropriate court of appeals for an order</u>

14   <u>authorizing the district court to consider the application</u>."

15

16       The Petition now pending constitutes a second and/or successive

17   petition challenging the same conviction as Petitioner's prior habeas

18   petition, within the meaning of 28 U.S.C. § 2244(b).  Thus, it was

19   incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from

20   the Ninth Circuit authorizing the District Court to consider the

21   Petition, prior to his filing of it in this Court.  Petitioner's

22   failure to do so deprives the Court of subject matter jurisdiction.

23   //

24   //

25   //

26   //

27   //

28

1    For the foregoing reasons, **IT IS ORDERED** that this action be

2  summarily dismissed pursuant to Rule 4 of the Rules Governing Section

3  2254 Cases in the United States District Courts.

4    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

5

6

7  DATED: March 21, 2012

8                                  DEAN D. PREGERSON
                                   UNITED STATES DISTRICT JUDGE

9  Presented on
   February 13, 2012 by:
10

11

12  VICTOR B. KENTON /s/
    UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28